(Decided 22nd June, 1887.)

SARAH A. FULLER *vs.* THE BALTIMORE AND OHIO EMPLOYÉS' RELIEF ASSOCIATION.

*Railroad Relief Association—Constitution—Reasonableness of a Provision in it—Defence to Claim by Beneficiary— Pleading.*

A provision in the constitution of a Railroad Relief Association, that in all cases where death is the result of an accident, the Association will not pay the amount due to the beneficiary of the member killed, before the person legally entitled to recover damages on account of the accident, shall release the railroad company from all claim to damages, is not so unreasonable that a Court can declare it void.

Where a member of such Relief Association designated his mother in his application for membership, as his beneficiary, in case of his death, and upon his death, his wife and infant child, the persons legally entitled to damages if the death was the result of negligence on the part of the railroad company, not releasing the railroad company, brought suit, and recovered damages by a compromise, the mother cannot recover the benefits from the Relief Association.

In an action against such Relief Association by the mother, the designated beneficiary, to recover the insurance, the defendant pleaded the provision of its constitution referred to, and averred that certain parties entitled to damages on account of the accident had brought suit against the railroad company, and had recovered damages, and had not released the company. The plaintiff replied that the death was not caused by negligence on the part of the

railroad, and that the parties, the wife and child of the deceased were not entitled to recover damages unless there was such negligence. HELD:

That this replication was no answer to the plea, and the demurrer to it was properly sustained.

APPEAL from the Circuit Court for Alleghany County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and BRYAN, J.

*Will S. Bridendolph,* and *William Brace,* for the appellant.

The plea stated a mixed question of law and fact upon which the plaintiff could not join issue. "Every plea should be so pleaded as to be capable of trial, and therefore must consist of matter of fact, the existence of which may be tried by a jury on an issue, or the sufficiency of which as a defence may be determined by the Court upon demurrer." 1 *Chitty on Plead.,* 541, (*marg.*)

"And if the fact be improperly confounded or mixed in the plea with matter of law so that it cannot be tried by the Court or jury, the plea is bad; thus, if the condition of a bond be that the defendant will show a sufficient discharge of an annuity, it seems that it cannot be pleaded merely that he showed a sufficient discharge, for the jury cannot try whether it is sufficient, and he ought to show what discharge he gave in order that the Court may judge whether it was sufficient." *Ibid.*

Now, in this case the defendant has pleaded that certain persons were entitled, &c., with issue joined on that, the jury cannot say as matter of fact whether such person is entitled or not, because whether such person is entitled is a matter of law entirely depending on many facts. The

Fuller *vs.* Balto. & Ohio Employés' Relief Asso.

plea therefore clearly should have stated the facts upon which the Court could say whether or not there was any person entitled to damages, and is, as we respectfully contend, undoubtedly bad.

By the plain words of section three of article three of the defendant's constitution, it is only that claim made by some person " entitled to damages " which is a bar to the beneficiary's right to recover. The section of course did not mean every shadowy untenable claim for damages which might be set up by any mere interloper, but plainly refers to him who comes armed with facts and circumstances and surroundings which entitle him to sue and recover damages. If this were not so the whole scheme of insurance provided in the defendant's constitution and by-laws, could be made a snare and a delusion. To bar the plaintiff's right to recover under that section there must be some one *in esse* having or making a claim who is entitled under the law, based upon the facts of the case, to recover damages.

Treating the defendant company as an insurance company, as it must be treated in this case, if there can be any doubt as to the meaning of this section of defendant's constitution, then it must be construed most favorably for the insured, " so as not to defeat without a plain necessity his claim to the indemnity, which in making the insurance it was his object to secure." *May on Insurance, sec.* 175.

The plea in this case should, in addition to stating that Fuller left a wife and child, and that he was killed in the services of the Baltimore and Ohio Railroad Company, have gone on and stated the facts and circumstances by which and under which he was so killed, so that upon issue joined on the same, the Court would say as a matter of law whether any person was so entitled to damages, and failing in this the plea was bad.

*Hugh L. Bond, Jr.,* and *A. Hunter Boyd,* for the appellee.

STONE, J., delivered the opinion of the Court.

This is an action brought by the plaintiff, Sarah A. Fuller, against the Baltimore and Ohio Employés' Relief Association. She claims in her declaration that her son, Benjamin F. Fuller, was a member of the Baltimore and Ohio Relief Association and an employé of the Baltimore and Ohio Railroad Company, and while a member of the association and an employé of the company he was killed by an accident on said railroad. That by the constitution and by-laws of said association an employé who held the position that her son did, was entitled to the amount of $1,000 in case of his death, and that it was his privilege to designate the person to whom it was to be paid, and that he did in accordance with the constitution and by-laws of such association designate her, his mother, as the beneficiary entitled to receive it, and she therefore claims it.

The defence set up by the Relief Association is that by its constitution, in all cases where death is the result of an accident, before the association will pay the amount due to the beneficiary of the member killed, the person legally entitled to recover damages on account of an accident on the road, shall release the Baltimore and Ohio Railroad Company from all claim to damages. That in this case the person who was legally entitled to sue and recover damages for such death, that is to say, the wife and infant child of said Benjamin, had not released the company, but had made a claim for damages and brought suit, and the company had paid them $3000 by way of settlement of their claim for damages.

The question of law presented for our determination is this : If a member of the Baltimore and Ohio Relief Association designates in his application for membership that the amount due to him, or rather his beneficiary, in case of his death, shall be paid to his mother, whether a suit and claim for damages brought by the wife and infant

child of the deceased member, the persons legally entitled to damages, if the death was the result of negligence on the part of the railroad company, will bar the recovery of the mother from the Relief Association. There are some questions of pleading which will be disposed of later, but what we have stated is the real legal question in the case, and its solution depends upon the third article of the constitution of the Relief Association.

The Baltimore and Ohio Relief Association. is a corporation duly incorporated, and was no doubt formed both for the benefit of the road and its employés.

The road contributed in the beginning a large sum of money, and guarantees the obligations of the association, besides giving it other aid in the furnishing medical attendance to the injured, clerical force, office, &c.

The company makes it compulsory on all its employés of certain classes and physical conditions to become members of the association, and to contribute so much a month out of their wages to create and keep up a fund for the benefit of the injured and sick. Members of the association who are injured while in the service of the company, whether the injury be caused by the negligence of the company or not, are entitled to a certain sum, graded according to class, &c.

The benefit which the company expected to derive from the association, or at least *probably* the *principal* benefit which it expected, was immunity from suits by its employés where they were injured, or supposed they were by the negligence o the company.

The benefit which the members of the association especially derived from it, is that they are paid a certain sum where the accident is *not* the result of the company's negligence.

The company does not pretend to exact from its employés, the members of the association, an agreement not to sue it for negligence, but by the third section of the

constitution of the association, assented to by each employé upon becoming a member, it does exact from them an agreement not to claim the benefit of the relief fund, if they prefer to sue.

The meaning of the third section of the constitution is free from all doubt. Whenever an injury is the result of negligence, whether the injury results in death or not, some person is entitled to sue. By the terms "entitled to damages because of the accident" used in the third section of the constitution, nothing more is meant than that the person *legally entitled to sue* for the damages, shall release the company before they get the fund from the relief association. A suit or claim against the company by one *not legally entitled* to sue for and recover the damages, if any were recoverable, would not affect the question at all.

Nor can we see that this third clause of the constitution is so unreasonable that a Court can declare it void. The occupation of many of the employés of a railroad is especially hazardous. Accidents are constantly happening to them without default on the part of the company that employs them. In such cases they can have no redress except from an insurance. A *compulsory* insurance may at first blush seem harsh, but an insurance to some extent by general consent is deemed advisable, especially to those who have others dependent upon their daily labor. The provision against the double benefit and exacting the release, is one not unreasonable for the company to make, interested as it is as a guarantor and in other ways. The employés have the right to decline the service of the company under such conditions, but if they accept it, knowing the conditions, they are bound by them, unless these conditions are so unreasonable that a Court would pronounce them void.

The case of the plaintiff is a particularly hard one, and we are by no means insensible to the strong appeal made to us in her behalf. Her son had in fact insured his life

Fuller' *vs.* Balto. & Ohio Employés' Relief Asso.

for her benefit and paid his premiums, and she now gets nothing. But we see no way of relief to her except to annul an agreement that her son was competent to make, and which, in itself, we have already said was not unreasonable. In a large majority of cases, the insurance probably is effected for the benefit of those legally entitled to sue, and they have the option to accept the insurance or resort to the Courts for damages. For some reason not shown in the record this was not so in this case.

As to the pleading.—It is a general rule of pleading that whenever a writing is relied upon, it is sufficient to set out the contents substantially. In this case the defendants have relied on the third article of the constitution above referred to, and they have set out perhaps more even than was necessary. They have averred that certain parties were entitled to damages on account of the accident, and had brought suit against the B. & O. Company, and had actually recovered (by compromise) a certain amount of damages, and had not released the company. The term entitled, as we have said, means legally entitled, and this plea is certainly good if the third article of the constitution is valid, and we have already said it was.

To this plea the plaintiff replied that the death of Benjamin Fuller was not caused by any negligence on the part of the railroad, and that his wife and child were not entitled to recover unless there was such negligence.

This replication is nothing more than a plea of not guilty in a suit by Mrs. Fuller and her child against the railroad, and could with propriety have been filed in that suit. It is no sufficient answer to the material part of the plea.

It does not negative the fact set out in the plea that she, Mrs. Fuller and her child were entitled to sue for damages and had in fact *made a claim* by suit against the railroad, and had actually recovered it, or part of it, and

that no release had been filed, as required by said section of the constitution. The very essence of the third section is that the parties who are *legally entitled to sue the road in case of its negligence* must release it, and the replication expressly admits that Mrs. Fuller was the party entitled in such case to sue. It is therefore no answer to the plea, and the demurrer to it was properly sustained.

It was also argued, that by the use of the term "double benefits" used n this third section, the section only applied where the *same person* was both the beneficiary and the person legally entitled to recover damages, and that it would not apply to a case like this, where they are different persons.

But such is not the true construction of that section. It means that no recovery can be had by *any person* against the *Relief Association,* when the person legally entitled to damages makes a claim against the road. There is nothing in the section to restrict it to the narrow construction sought to be put on it by the plaintiff. Its meaning is obviously what we have said.

*Judgment affirmed.*

(Decided 22nd June, 1887.)