STATE, to Use of BLACK, *v.* BALTIMORE & O. R. Co.

*(Circuit Court, D. Maryland. November 13, 1888.)*

INSURANCE—RAILROAD RELIEF ASSOCIATION—BY-LAW—PUBLIC POLICY.

The widow of an employe of the B. & O. R. Co., after the death of her husband, released any claim she might have against the railroad company for causing his death, for the purpose of enabling her husband's mother to obtain from the B. & O. Relief Association, payment of an amount of life insurance, which, under its constitution, was payable only on condition that all persons entitled to sue the railroad company for his death should release the railroad company from liability. *Held,* in a suit by the widow against the railroad company, that the release was not invalid as against public policy.

*(Syllabus by the Court.)*

At Law. Action for damages. On demurrer to replication.

*J. H. Keene, Jr.,* and *A. Stirling,* for plaintiffs.

*Cowen & Cross* and *George Dobbin Penniman,* for defendant.

MORRIS, J. This is an action brought by the widow of Cassius Black, who was an employe of the Baltimore & Ohio Railroad Company, to recover damages from the railroad company for causing his death by negligence. The action is given by article 67 of the Maryland Code, which directs that it shall be brought in the name of the state of Maryland for the use of the wife, husband, parent, and child of the person whose death has been caused, and within 12 months after the death. The defendant railroad company pleads a release under seal, executed by both the mother of the deceased and by his widow, the equitable plaintiff in this case, in which release it is recited that in consideration of $1,000, paid to them by the Baltimore & Ohio Relief Association, they release and discharge both the relief association and the Baltimore & Ohio Railroad Company from all claims and demands whatsoever arising from the said death. To this plea the plaintiff has replied that the release pleaded was obtained by fraud, and on this replication the defendant has joined issue. The plaintiff has filed also five other replications, to which the defendant has demurred, and it is the questions of law raised by these demurrers which are now to be passed upon. Some of these replications deny the facts recited in the release, but it is clear that, as the release set out in the plea is a technical release under seal, the plaintiff cannot be heard to allege or allowed to prove to the contrary of what she has solemnly admitted under hand and seal. So long as the release stands unassailed for fraud, the plaintiff is concluded from denying the facts recited in it. The other replications demurred to proceed upon the theory that the release is void because obtained as the result of a scheme which should be held illegal as against that rule of public policy which forbids an employer contracting with an employe for exemption from liability for his own negligence. The constitution of the Baltimore & Ohio Relief Association, a corporation chartered by the Maryland legislature, and which all the employes of the Baltimore & Ohio Railroad Company are compelled to become members of, provides that

before the person named by the member as the beneficiary of the insurance upon his life shall be paid there must be executed a release, signed by all persons who might be entitled to recover damages from the railroad company, releasing the railroad company from all damages to which it might be liable by the reason of the death. The question of the reasonableness of this provision of the constitution of the relief association came before the Maryland court of appeals in *Fuller* v. *Association*, 67 Md. 433, 10 Atl. Rep. 237, and it was held to be a reasonable stipulation, and that no suit could be maintained against the relief association for the amount insured upon the life of a member who had been killed while in the service of the railroad company, if the persons legally entitled to recover damages from it for his death refused to release their claim for damages against the railroad company. It is solely by reason of the statute of Maryland giving a right of action to the wife, husband, parent, or children of the person whose death has been caused by negligence, that the plaintiff has any standing at all in court, and in *Fuller* v. *Association*, we have the decision of the highest court of the state declaring that the condition in the contract of insurance which requires such a right of action to be released before the insurance can be claimed is a reasonable and valid provision. Notwithstanding the rule of public policy which prohibits railroads as common carriers from stipulating for exemption from responsibility for negligence, it is lawful for them to limit the amount for which they will be responsible, or to stipulate that any insurance effected by the owner on the goods shipped shall be applied to their exoneration. *Insurance Co.* v. *Transportation Co.*, 117 U. S. 312, 6 Sup. Ct. Rep. 750, 1176. The Baltimore & Ohio Railroad Company has promoted the relief association, and guarantied its contracts, and contributed to its funds, and it does not appear to me that it is contrary to any rule of public policy which has the sanction of the courts to hold that it may avail of a release obtained by the relief association for its benefit under a provision of the constitution of the relief association which the Maryland court of appeals has held to be reasonable and lawful. This view of the lawfulness and validity of the release required by the relief association was also held by Judge SAGE in *Owens* v. *Railroad Co.*, 35 Fed. Rep. 715. It is also to be considered that the release pleaded as a discharge was executed by the plaintiff after the cause of action upon which she sues had arisen. The insurance upon the life of her husband did not affect her rights at all, as it was made payable to her husband's mother. She had no contractual relations with either the railroad company or the relief association, and cannot complain of any contract made with her husband as being against public policy, because she is unaffected by any such contract except so far as she herself has chosen to respect it since his death. If, in consideration of the payment by the relief association of $1,000 to her husband's mother, she has released her claim for damages, why should it not be valid? She could have released her claim in consideration of five dollars, or any valuable consideration whatever, and it would have been valid; or, if she was advised that she could prove the necessary allegations of negligence, she had a

perfect cause of action which she could maintain in court against the railroad company for whatever damages a jury might assess in her favor. If, having this right of action, she has, since her husband's death, voluntarily and without deception practiced upon her, released it, induced to do so by the certain benefit which would thereby accrue to her husband's mother, I can see no ground upon which the release can be treated as a nullity. The demurrers are sustained.