CHICAGO, B. & Q. R. CO. v. MILLER.

(Circuit Court of Appeals, Eighth Circuit. October 19, 1896.)

No. 719.

1. MASTER AND SERVANT—RAILROAD COMPANIES—RELIEF ASSOCIATIONS.

In an action against a railroad company by one of its employés to re-cover damages for personal injury through negligence, a plea that the employé had accepted benefits as a member of a relief association organ-ized by the company, under agreement that he thereby relinquished his right of action, does not constitute a good defense when the plea fails to show that, if the association was at any time short of funds to meet its obligations to a member, such member could maintain an action against the company, or fails to set out the arrangement between the company and its employés with such fullness and certainty that the court may be able to see that the arrangement is fair and reasonable, and not against public policy, nor voidable for want of valuable consideration.

2. SAME—PUBLIC POLICY.

Such contracts, in so far as they attempt to release a railroad company from liability for injuries inflicted on its employés through negligence, are without sufficient consideration, against public policy, and void. Per Caldwell, Circuit Judge.

3. APPEAL—HARMLESS ERROR—EVIDENCE.

The admission of evidence which goes to prove a fact already admitted by the pleadings is not a material error.

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action for personal injuries. J. E. Miller, the defendant in error, who was the plaintiff below, sued the Chicago, Burlington & Quincy Railroad Company, the plaintiff in error, for damages sustained by the derail-ment of one of its trains near Tower Station, in Boulder county, Colo. The derailment of the train was alleged to have been occasioned in the following manner: Because the engine which was hauling the train at the time of the accident was old and worn, and could not hold the train when it was de-scending a steep grade; also because the brakes on the cars composing the train were out of repair; and, furthermore, because a safety switch, which led to a switch back, was out of repair, and could not be used on the occasion of the accident to let the train into the switch back.

Among other defenses which were pleaded by the defendant company to the plaintiff's petition, was the following: "For a third and separate defense the defendant alleges: That, prior to the time of the accident complained of, the defendant and its employés organized an association for the relief of employés of said company injured while in the service of said defendant, and for other purposes, known as 'The Burlington Volunteer Relief Department,' which was a department of the defendant company; that said association thus formed was a department for the protection and relief of the employés injured in the service of said company, and provided for the payment of certain sums of money for injuries received, and in case of sickness, disability, or death from any cause while in the service of said company, and for care and maintenance, under certain specifications, terms, and conditions provided for in the organization and rules of the said relief department, and that membership in said department was voluntary; that at and prior to the time of said injury, to wit, in the month of May, 1890, the plaintiff had made application for membership of said association, and became a member thereof, and continued to be a member thereof at the time of the injury sustained by him on the 22d day of August, 1890, and that the plaintiff, as a condition of his membership, in his said application promised and agreed to and with the said company, in consideration of certain amounts which had been and were to be paid by the said company for the maintenance of the relief department, that the acceptance of benefits from the said department for injury should operate as a release and satisfaction of all claims for damages against the defendant company arising from or out of such injuries; that the said plaintiff has subsequently received and accepted the benefits due to him by reason of his membership in said relief department on account of the injury complained of by him in his complaint herein, and the defendant company has paid to the plaintiff the amount of the benefits due to him by reason of his membership in the said relief department on account of said injury, and the same have been received by the plaintiff as benefits accruing to him by reason of said injury on account of his membership in said association. And, more particularly, the defendant alleges that there was paid by the said relief department to the said plaintiff, on account of said injury, benefits to the amount of $24.50, being the amount due for 49 days next after the 22d of August, 1890, at the rate of fifty cents a day, which was the rate to which the plaintiff was entitled as a member of said relief department; and there was also paid by said department the sum of $43 to certain physicians for care and surgical attendance upon the said plaintiff, and that the said relief department did all on its part to be done for and in behalf of the said plaintiff by virtue of his membership in the said department; whereby the defendant was released from any and all claims for damages against the defendant company arising in any way out of the injury of which he complains in his said complaint."

The circuit court sustained a demurrer to the foregoing plea. There was a trial before a jury of the remaining issues raised by the pleadings, which resulted in a judgment in favor of the plaintiff below. To reverse that judgment, the defendant below sued out a writ of error.

Henry F. May (Edward O. Wolcott and Joel F. Vaile, with him on the brief), for plaintiff in error.

T. J. O'Donnell (W. S. Decker and Milton Smith, with him on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The chief error complained of consists in the action of the trial court in sustaining the demurrer to the third defense which was pleaded by the defendant company. With reference to the alleged error, it is to be observed that it has been held in several well-considered cases that, if a railroad company organizes a relief association

for the special benefit of its injured, sick, and disabled employés, pays the incidental expenses of such association, acts as treasurer or custodian of its funds, and enters into a binding obligation to support and maintain the association by paying out of its own funds such sums to discharge the obligations of the association as the assessments levied upon the members of the association are inadequate to pay, such an association, on admitting an employé of the railroad company to membership, may lawfully stipulate that, in the event of an injury being sustained by him, the acceptance of benefits from the association shall operate as a relinquishment of any right of action which the employé may have against the railroad company in consequence of the injury, and that the stipulation so made inures to the benefit of the railroad company, and constitutes a legal defense to a suit brought against it by the injured employé, if the latter accepts benefits from the association. The various courts which have had this question under consideration appear to agree that the stipulation in question is not opposed to sound public policy, but, on the whole, is conducive to the well-being of those whom it immediately affects, inasmuch as many railroad employés, owing to the dangerous character of their employment, are hurt without any culpable negligence on the part of their employer, and inasmuch as the employé retains, until after he sustains an injury, the right to elect whether he will sue his employer for negligence or accept benefits from the association. It also appears to be agreed that the obligation assumed by the employer to maintain and support such association by contributing the funds necessary for that purpose creates a privity of contract between the employer and all the members of the association, and at the same time furnishes a sufficient consideration to support such contract. Leas v. Railroad Co. (Ind. App.) 37 N. E. 423; Johnson v. Railroad Co. (Pa. Sup.) 29 Atl. 854; Donald v. Railroad Co. (Iowa) 61 N. W. 971; Railroad Co. v. Bell, 44 Neb. 44, 62 N. W. 314; Fuller v. Relief Ass'n, 67 Md. 433, 10 Atl. 237; State v. Baltimore & O. R. Co., 36 Fed. 655; Owens v. Railroad Co., 35 Fed. 715.

Conceding the foregoing propositions to be supported by adequate authority, we nevertheless think that the plea filed by the defendant below, to which the demurrer was addressed, failed to show with the requisite certainty that the defendant had become legally obligated to the members of the relief association to maintain that organization, and to supply such funds as might at any time be needed by it to meet its obligations. There is no direct allegation found in the plea that the defendant had assumed such an obligation, the nearest approach to such an averment being, in substance, a recital that the plaintiff had agreed, in consideration of certain amounts which had been and were to be paid by said company for the maintenance of the relief department that the acceptance of benefits from the relief department, should operate as a release of all claims for damages against the defendant company. The plea failed to show, we think, that if the relief association was at any time short of funds to meet its obligations to a member of the association, such member could maintain an action against the defendant company for the amount

that was due to him. The plea further failed to show what sum of money, if any, the defendant company had theretofore contributed out of its own funds to the support of the relief association. It also failed to show what other beneficial acts, if any, the defendant company had done and performed towards the maintenance of the association. In short, it would seem to be fairly consistent with the averments of the plea, that the moneys theretofore expended by the relief association in the care of its injured and disabled members had not been paid out of the funds of the defendant company, but had been paid from sums deducted from the wages of those who were members of the association.

In a case of this character, where the contract invoked as a defense lies close to the line dividing agreements that are lawful from those which are unlawful, it is proper to require the defendant to set out the arrangement which existed between itself and its employés, in the form of a relief department with such fullness and certainty that the court may be able to say from an examination of the same that the arrangement is fair and reasonable, and that it is neither objectionable on grounds of public policy nor voidable for want of a valuable consideration. We are constrained to say that this has not been done in the present case, and we are confirmed in that view by a recent decision of the supreme court of Colorado involving the sufficiency of a plea of the same character. Railroad Co. v. McGraw, 45 Pac. 383. The demurrer to the third defense was properly sustained.

It is further assigned for error that the trial court erred in admitting certain evidence which tended to show that the safety switch at Tower Station was not in a condition to be used at the time of the accident. The point of this objection seems to be that the evidence was not admissible in view of certain admissions that were made by the pleadings. It is only necessary to say, with reference to this assignment, that the plaintiff alleged, in substance, in his petition, that, owing to the steep grade where the accident occurred, and the difficulty in holding a train as it ascended the hill, the defendant company had constructed a switch back with a safety switch leading thereto, and that this safety switch was out of repair at the time of the accident, and could not be used. The defendant company answered this averment with the counter statement that it admitted the construction of the safety switch as alleged, but that it had been found to be an unnecessary contrivance, and that the use of the switch had for that reason been discontinued for a long time when the accident occurred. The plaintiff did not reply to this latter averment of the answer. It is obvious, therefore, that the testimony above referred to simply proved a fact which was already admitted by the pleadings. The admission of such testimony was not a material error.

We also think that the charge of the trial court was sufficiently full and specific on all the important issues in the case, and that no error was committed in refusing the defendant's requests for instructions. As the record discloses no material error, the judgment is affirmed.

CALDWELL, Circuit Judge. Assuming that contracts of this character are valid, this case is rightly decided on the ground stated in the opinion. But such contracts, in so far as they attempt to release a railroad company from liability for injuries inflicted on its employés through its negligence, are without sufficient consideration, against public policy, and void, and must ultimately be so declared by all courts.