BALTIMORE & OHIO RAILROAD COMPANY *v.* RAY.

[No. 5,151.    Filed March 30, 1905.    Rehearing denied June 6,
1905.    Transfer denied November 1, 1905.]

1.    APPEAL AND ERROR.—*Bill of Exceptions.*—*Record.*—*Statutes.*
—Under the act of 1903 (Acts 1903, p. 338, §7, §641g Burns
1905) the original bill of exceptions contained in the transcript
on appeal is a part of the record whether the precipe calls for
such original or merely a transcript.    p. 432.

2.    NEW TRIAL.—*Second or Supplemental Motion.*—*Discretion.*—
The right of filing a second or supplemental motion for a new
trial is largely within the discretion of the trial court.    p. 433.

3.    SAME.—*Time of Filing.*—*Adjourned Term.*—Under §570 Burns
1901, §561 R. S. 1881, providing that a motion for a new trial

must be filed during the term at which the verdict or decision is rendered, unless it should be the last day of such term, in which event such motion could be filed on the first day of the next term, and §1443 Burns 1901, §1380 R. S. 1881, providing that the judge can call an adjourned term of court to complete any unfinished business, which adjourned term shall be considered a part of the regular term, a motion for a new trial filed during such adjourned term is in time, though the decision was rendered prior to the last day of such regular term.   p. 433.

4. CONTRACTS. — *Railroads.—Receivers.—Relief Departments.*— Where an employe of a railroad company contracts with such company that in the event of an injury or death he or his personal representatives shall be entitled to certain benefits from such company's relief department, and that if suit for damages be brought by him or such representatives for injuries the same shall operate as a release of such relief benefits, and such company goes into the hands of receivers who are authorized to continue such relief department, such receivers continuing such employe in the service, such employe is, within the meaning of the contract, still in the employ of such company.   p. 434.

5. DAMAGES.—*Death by Wrongful Act.—Survival.—Actions.— Divisibilty.—Statutes.*—Where the widow of a decedent killed by the wrongful act of the receivers of defendant railroad company files her petition as administratrix for leave to sue such receivers for the benefit of decedent's minor children, and the court grants leave to sue in behalf of the widow and children, the damages assessed are in gross for such widow and children, one action only being maintainable under the statute (§285 Burns 1901, Acts 1899, p. 405).   p. 436.

6. CONTRACTS. — *Railroads.—Relief.—Torts.—Public Policy.*—A contract, required by a railroad company and providing that each employe shall become a member of its relief department and as such be entitled to certain relief in case of injury, but that if an action in damages be brought by such employe or his personal representatives for injuries received, the same shall be a release of any benefits in such relief fund, is not contrary to public policy on the ground of an attempted escape of liability for torts.   p. 437.

7. SAME.—*Parties.—Railroads.—Relief.—Release.*—A contract by an employe of a railroad company providing that an action by him or his personal representatives shall be a release of any claim for benefits by virtue of such employe's membership in such company's relief department is valid and the beneficiaries can recover only what is provided by the contract.   p. 438.

From Dekalb Circuit Court; *Joseph W. Adair,* Special Judge.

Action by Emma Ray against the Baltimore & Ohio Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*James E. Rose, Calhoun, Lyford & Sheehan* and *Charles D. Clark,* for appellant.

*Mountz & Brinkerhoff,* for appellee.

ROBINSON, P. J.—This is an action by appellee to recover benefits claimed to be due her through the membership of her husband in his lifetime in appellant's relief department. A trial by the court upon issues formed resulted in a judgment in appellee's favor. The questions presented in the argument are those arising under the motion for a new trial.

It is first argued that the evidence is not in the record. The judgment was rendered November 5, 1903. The transcript was filed in this court February 8, 1904.

1. The original bill of exceptions is incorporated into the transcript, and under section seven of the civil practice act of March, 1903 (Acts 1903, p. 338, §641g Burns 1905), we think it clear that we must consider it a part of the record. That section provides: "That in case an original bill of exceptions shall be incorporated into the transcript of the record of any cause on appeal to the Supreme Court or the Appellate Court, such original bill of exceptions shall, in every case, constitute and be considered as a part of such transcript, the same as if copied therein by the clerk, whether such original bill or a copy thereof be specified in the precipe, or otherwise directed to be incorporated into such transcript." The precipe calls for the bill of exceptions containing the evidence, and the transcript contains the original bill. There is some doubt whether the precipe calls for the original bill or a transcript of the original bill, but, resolving the doubt either way, the original bill which is in the transcript must be, under the above statute, considered a part of the record.

On November 5, 1903, the twenty-eighth day of the October term, 1903, the court rendered its decision, and a motion by appellant for a new trial was overruled, and judgment rendered. Afterwards, on December 18, 1903, "the same being the eleventh day of the adjourned October term, 1903, or the forty-seventh day of the regular October term, 1903," appellant asked, and, over appellee's objection, was granted leave to correct the motion for a new trial, and was permitted to file a corrected and supplemental motion for a new trial, which supplemental and corrected motion was overruled.

There is nothing in the statute that prohibits the filing of a second motion for a new trial. Whether such motion should be filed would rest largely in the discretion of the trial court. *Dennis* v. *State* (1885), 103 Ind. 142. It does not appear that there was any abuse of discretion. What showing was made does not appear, but we must presume in favor of the action of the court. The motion was filed over appellee's objection, but no cross-errors have been assigned. The question remains, however, whether it could be filed at the time it was filed.

Section 570 Burns 1901, §561 R. S. 1881, provides: "The application for a new trial may be made at any time during the term at which the verdict or decision is rendered; and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special or adjourned." Section 1443 Burns 1901, §1380 R. S. 1881, provides: "When the business pending in any of the courts of this State shall remain undisposed of at the close of any term of court, the judge may adjourn the court to any other time in vacation (of which notice shall be published in some newspaper of general circulation in the county), and at such adjourned time proceed with the business of the court, as a part of the regular term of said court

at which the adjournment was ordered; and all parties, witnesses, jurors and officers shall attend as they were required to do at the regular term." Section 1386 Burns 1901, §1334 R. S. 1881, provides for holding special terms of court. The record discloses that the term at which the motion for a new trial was filed was an adjourned term, and seems to have been considered a continuation of the regular October term. As nothing to the contrary appears, it is presumed that the adjourned term was legally held. *Wood* v. *Franklin* (1884), 97 Ind. 117; *Lewis* v. *Albertson* (1899), 23 Ind. App. 147.

Construing §§570, 1443, *supra,* together, upon the authority of *Rudolph* v. *Landwerlen* (1893), 92 Ind. 34, 41, it must be held in the case at bar that the motion for a new trial must be regarded as if filed at the regular term at which the finding of the court was announced. It is held in that case that the statute makes the adjourned term a part of the regular term at which the adjournment was ordered, and that a motion for a new trial, filed during the adjourned term, where the finding was made at the regular term, is filed in time. See, also, *Smith* v. *Smith* (1861), 17 Ind. 75; *Casily* v. *State* (1869), 32 Ind. 62; *Knight* v. *State* (1880), 70 Ind. 375.

In *McIntosh* v. *Zaring* (1898), 150 Ind. 301, cited by counsel for appellee, a judgment was rendered on the last day of the term, a motion for a new trial was not made until the first day of the next regular term, and it was held the motion was too late, as a special term had been held in the meantime.

Appellee's husband, Robert Ray, in October, 1889, entered appellant's employ as a locomotive fireman, and became a member of the relief department. In his

4.    application for membership in the relief department—which application he agreed, when accepted by the superintendent, which was done, should constitute a contract between him and the company—he agreed, among

other things, that the bringing of a suit against the company for damages, by reason of his injury or death, by "any beneficiary or legal representative, or for the use of any beneficiary alone or with others, or the payment by any of the companies aforesaid of damages for such injury or death, recovered in any suit or determined by compromise, or of any costs incurred therein," should "operate as a release in full to the relief department of all claims by reason of any membership therein." The application and acceptance, with the regulations of the relief department, constitute the contract upon which this action is brought. On February 29, 1896, while Ray was still in the employ of the appellant, the United States Circuit Court appointed receivers, who took charge of the railroad company's property, and, under the direction of the court, continued the operation of the relief department. Ray was employed by the receivers, and continued in their employ until his death, April 26, 1899. At his death, he left surviving him the appellee (his widow) and two children.

Appellee was appointed administratrix of her husband's estate, and as such, in June, 1899, filed an intervening petition in the receivership case, asking that she might intervene as administratrix for the benefit of the children, and that she be permitted to wage the suit in such capacity for their benefit, and not otherwise. In the proceedings then had the court found that appellee was administratrix of her husband's estate, "in which capacity she intervenes herein for the benefit of the widow and children of said Robert M. Ray." The court also found that the widow and next of kin were damaged in the sum of $7,500, for which amount judgment was rendered. This amount, with interest, was afterward paid to the administratrix.

It is not necessary to inquire whether the appointment of the receivers terminated the contract of employment Ray had with the appellant company, for the reason that it is shown that Ray was employed by the receivers, and was in

their employ when killed. It does not appear when the receivers were discharged, but, as this action is against the company, we assume that the receivership had ended when this suit was brought. We think the statement made by counsel for appellee in their brief, that "Ray was in the service of the appellant, within the meaning of the contract, at the time of his death," is correct. And we think it is also true that the suit brought against the receivers by the administratrix, so far as the questions presented by this appeal are concerned, is the same as if such suit had been brought against the company.

In the intervening petition filed in the federal court by appellee, as administratrix of her husband's estate, it was stated that it was only for the benefit of the minor children of the deceased, and not for the benefit of appellee as widow. A recovery for the death of a person resulting from injuries wrongfully inflicted can be had only by virtue of a statute. Section 285 Burns 1901, Acts 1899, p. 405, gives the right to recover in such cases, and expressly provides that the damages "must inure to the exclusive benefit of the widow, or widower (as the case may be), and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." The statute speaks of but one action for the wrongful act, and clearly does not contemplate that the parties entitled to damages may each recover his portion in a separate action. The action is based upon a single wrong, and when the administratrix sued she sued for the parties designated in the statute—in that case the widow and children. While she asked to intervene as administratrix of her husband's estate for the benefit of the minor children only, yet the United States court properly found that as administratrix she intervened for the benefit of the widow and children, and found that by the death of the husband the widow and next of kin were damaged in a sum named. In such a case the damages are assessed in gross. The court, or jury, does

not apportion the amount recovered among those entitled to the damages. That is to be done after the damages are recovered. The parties to an action brought after the death of an injured party are the same as in an action instituted by the party himself in his lifetime, except that in the former case the injured party is represented by his personal representative. While the measure of damages may differ somewhat, yet the damages in both instances are for one wrong. See *Hecht* v. *Ohio, etc., R. Co.* (1892), 132 Ind. 507; *Oyster* v. *Burlington Relief Department* (1902), 65 Neb. 789, 91 N. W. 699, 59 L. R. A. 291; *Baltimore, etc., R. Co.* v. *Then* (1896), 159 Ill. 535, 42 N. E. 971.

Appellee argues that the clause in the contract which provides that the bringing of an action for damages by the personal representative of the deceased employe 6. shall forfeit all rights to benefits is void as against public policy. But this clause can in no sense be construed as a contract by which appellant could escape a legal liability for its torts. No phase of public policy prohibited Ray from agreeing that whatever compensation he might accept should be in lieu of any claim he might otherwise have against the relief fund. As said by the court in *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345, 44 L. R. A. 638: "It is nothing more or less than a contract for a choice between sources of compensation, where but a single one existed, and it is the final choice—the acceptance of one against the other—that gives validity to the transaction." See *Lease* v. *Pennsylvania Co.* (1894), 10 Ind. App. 47; *Pittsburgh, etc., R. Co.* v. *Hosea* (1899), 152 Ind. 412; *Donald* v. *Chicago, etc., R. Co.* (1895), 93 Iowa 284, 61 N. W. 971, 33 L. R. A. 492; *Johnson* v. *Philadelphia, etc., R. Co.* (1894), 163 Pa. St. 127, 29 Atl. 854; *Fuller* v. *Baltimore, etc., Relief Assn.* (1887), 67 Md. 433, 10 Atl. 237; *State, ex rel.,* v. *Baltimore, etc., R. Co.* (1888), 36 Fed. 655; *Owens* v. *Baltimore, etc., R. Co.* (1888), 35 Fed. 715, 1 L. R. A. 75; *Eckman* v. *Chicago,*

*etc., R. Co.* (1897), 169 Ill. 312, 48 N. E. 496, 38 L. R. A. 750. That it is a kind of compulsory insurance is true in a sense. But an employe has the right to decline the service of the company under such conditions. As the conditions are not so unreasonable that a court would pronounce them void, a party who accepts the contract, knowing the conditions, is bound by them.

Nor is the contract objectionable because it undertakes to bind persons who are not parties to it. Appellee's action is based upon the contract made by her husband. Without that contract she has no right of action. She must take the contract as it was made, or not take it at all. By the contract of membership and the regulations of the relief department, by which the member agreed to be bound, he agreed that the bringing of a suit for damages for his death, by his beneficiary or legal representative, or the payment of damages for such death, recovered in any suit or determined by compromise, should operate as a release in full to the relief department of all claims by reason of his membership therein. As a beneficiary, appellee takes merely what her husband contracted she should take. Without his contract she would have no claim on the relief department. He did not contract away any right she had in his estate, but attempted to create a right for her by contract. She had no rights as a beneficiary prior to the contract, and whatever claim she urges must be in accord with the terms of the contract. And, by the express terms of the condition named in the contract, she is barred from a recovery. See *Donald* v. *Chicago, etc., R. Co., supra; Oyster* v. *Burlington Relief Department, supra.*

Judgment reversed, with instructions to grant appellant's motion for a new trial.