## MARTIN *v.* BALTIMORE & O. R. Co.

*(Circuit Court, D. West Virginia.* October 18, 1889.)

1. RAILROAD COMPANIES—INJURIES TO EMPLOYES—CONTRIBUTORY NEGLIGENCE.

    An employe of a railroad company, who is being transported by the company from one place of employment to another, cannot recover for injuries received while sitting on a brake-wheel between the cars, though the train in which he is riding is run into through the negligence of other employes.

2. SAME—RELEASE—RELIEF ASSOCIATION.

    Where an employe of a railroad company becomes a member of a relief association, and as a condition of membership, and in consideration of the contributions of the railroad company to said association, and of the company's guaranty of the payment of the benefits of the association in case of injury, signs a contract by which he releases the company from liability by reason of any accident that may happen to him while in the company's employ, an action will not lie against the company, where, both before and after bringing action, he receives money from the association on account of the injury, and gives receipt releasing and discharging the company from all claims for damages.

At Law.

Action to recover damages for an injury alleged to have been caused on the 22d of May, 1887, at Bay View station, in Baltimore county, Md., by negligence of defendant's servants. The plaintiff was in the employment of the defendant in its telegraph department at the time of the accident, and had been in that service from the 19th day of November, 1886, and on the day of the accident was in the camp train at Bay View, on his way, with the other men in that service, to Chester, Pa. The camp cars in which the plaintiff was housed were on a track in the railroad yard, and were run into by a freight train, going into a switch which had been improperly left open. It was the duty of the conductor and brakeman of the train which caused the accident to see that the switch was in proper shape and situation when approaching it, and not to rely upon others to attend to it. The facts showed that the plaintiff, with some of the other persons in the same camp, were sitting on the brake-wheel on the platform between the cook car and lodging car of the camp train at the time the collision occurred, and these were the only persons hurt by it, being jammed in between the bumpers of the two cars mentioned. The men in the cars were not hurt in the least degree. At the time the plaintiff went into the service of the defendant he was under age, and, by the written consent and authority of his father, plaintiff was admitted into the company's service, and became a member of the Baltimore & Ohio Employes' Relief Association. The train causing the accident was not running more than four miles per hour, and did not hit the camp cars hard enough to damage the one it struck the slightest. The plaintiff himself testified that he was sitting on the platform, as stated, and no persons other than those with him on the platform were injured in the collision. He also testified that he was at the time of the accident in the employment of the company, and on his way to resume work at Chester, in the construction of telegraph lines for the company.

The plaintiff's declaration contains four counts; the first three alleging that he was a passenger, and was being carried by the defendant as such.

The fourth count alleged that he was in the employment of the company in its telegraph department, and, while being transported to the place of work, received the injury by reason of negligence of the employes of the company. Issue was joined on the plea of not guilty, and a special plea, which set up—

"That the plaintiff, on the 19th of November, 1886, was and desired to continue in the service and employment of the Baltimore & Ohio Railroad Company, in its telegraph department, and applied to be admitted a member of the Baltimore & Ohio Employes' Relief Association, a corporation organized under the laws of the state of Maryland, and thereby agreed to conform to, and be bound by, the constitution, by-laws, rules, and regulations of said association then in force, and recognized by said association; and also to conform to and be bound by such additional by-laws, rules, regulations, and amendments of the constitution of said association as might thereafter be adopted by its committee of management,—which application was in writing, and signed by the said J. Wilson Martin, Jr., the plaintiff, in his own proper handwriting; and, amongst other things, the plaintiff agreed that his application, when approved by the secretary of the association, should constitute a contract between himself and the Baltimore & Ohio Railroad Company as a condition of his employment by that company, and as such be the irrevocable power and authority of said company to make the deductions and payments mentioned and agreed upon in said application; and when so approved said application should likewise constitute the assignment in advance to the said relief association of such portion of the plaintiff's wages, which should have precedence over any other assignments by him of his wages, or of any claim upon them on account of liabilities incurred by him; and that the plaintiff further agreed that, in consideration of the contribution of the Baltimore & Ohio Railroad Company to said association, and of the guaranty by said railroad company of the payment of the benefits aforesaid, the said railroad company should not be liable to any claim or suit by reason of any accident happening to him while employed in any manner in the service of said company, whether such accident should be caused by the negligence of said company, its officers, or agents, or otherwise, except as guarantor of the benefits payable to him, or his beneficiary, under the terms of his application and agreement; and that the plaintiff further agreed that said association might require, as a condition precedent to the payment of such benefits, that all acts deemed appropriate or necessary by the secretary of such association, to effectuate the release and discharge of said company, be done by those who might bring suit for damages by reason of such injuries or death; and that the said plaintiff further understood and agreed that the said application, when the acceptance thereof should be indorsed thereon by the secretary of the said association, should constitute a contract between him and the said association and the railroad company, by which contract his rights as a member of said association, and as an employe of said railroad company, should be determined as to all matters within its scope; all which, amongst other things, are in the application set forth, and which application was accepted by the secretary of the said association, and thereby constituted a contract between the said plaintiff and the said defendant." And this plea further alleged "that the said plaintiff was then and there, and continued to be, and remained, a servant and employe of the said company, and took upon himself the dangers and risks of personal injury from the neglect of other employes, agents, and officers of said company; and afterwards, to-wit, on the 22d day of May, 1887, plaintiff met with the accident that happened on the road of said company, whilst he was in the service of said company; and that afterwards, on the 22d day of September, 1887, and on eight other different days, up to and including the 11th day of

July, 1888, the plaintiff received and accepted, under the rules and regulations of the said relief association, and in accordance with its constitution and by-laws. certain sums of money stated in the plea, being full allowance which the plaintiff, as a member of said association, was entitled to receive, for the periods mentioned in his receipts and releases, by reason of the injury received by him while in the discharge of duty in the service of said railroad company; and that the plaintiff thereby released and forever discharged the said company from all claims for damages, indemnity, or other form of compensation he then or might or could thereafter have against the said company by reason of such injuries, which receipts and releases were severally signed and sealed and delivered to the said association by the plaintiff, in accordance with his contract aforesaid; wherefore the defendant averred that the plaintiff did release and discharge the defendant from all claims and demands for damages by reason of the injury in the plaintiff's declaration mentioned," etc.

To this special plea the plaintiff demurred, but the demurrer was overruled. The plaintiff then tendered a special replication, alleging that at the time of the execution of said contract and releases he was a minor; to which replication the defendant demurred. In support of the demurrer to this special replication, counsel for defendant argued that an infant capable of performing service for the defendant is capable of making a binding contract, with or without the consent of his parents, to enter into such service; that it is a well-settled rule that, notwithstanding the general incapacity of infants to enter into absolutely binding contracts, yet they may make contracts for their own benefit, such as contracts of apprenticeship, or of hiring and service, which are beneficial to the infant; citing *Wood* v. *Fenwick*, 10 Mees. & W. 195; *King* v. *Chillesford*, 4 Barn. & C. 94; *King* v. *Arundel*, 5 Maule & S. 257; *Railroad Co.* v. *Elliott*, 1 Cold. 611. The court sustained the demurrer, and rejected the replication, and issue was then also joined on general replication to the special plea. On the trial the defendant proved the contract alleged in this special plea, the several releases and receipts executed by the plaintiff, the releases executed by the plaintiff and his father, and a written consent of the father to the employment of the plaintiff by the company. After the action was brought, plaintiff, in addition to former payments, received allowances under his contract with the relief association, and on each occasion gave receipts and releases under his seal, discharging the company from all liability on account of the action set up in his declaration. The following authorities were cited: As to duty of company in conveying employe to place of labor, and negligence of employe, *Railroad Co.* v. *Jones*, 95 U. S. 439, 443. Employe not a passenger, when, *Vick* v. *Railroad Co.*, 95 N. Y. 267; *Ross* v. *Railroad Co.*, 5 Hun, 488, affirmed 74 N. Y. 617; *Gillshannon* v. *Railroad Corp.*, 10 Cush. 228; *Seaver* v. *Railroad Co.*, 14 Gray, 466; Patt. Railway Acc. Law, 210, 211. Contract with relief association and defendant binding and valid, *Owens* v. *Railroad Co.*, 35 Fed. Rep. 715; *Fuller* v. *Association*, 67 Md. 433, 10 Atl. Rep. 237; *Graft* v. *Railroad Co.*, 8 Atl. Rep. 206. Contract for hiring and service by infant valid, *Railroad Co.* v. *Elliott*, 1 Cold. 611. Contract by infant cannot be rescinded if executed, *Breed* v. *Judd*, 1 Gray, 459; *Gaffney* v. *Hayden*, 110 Mass. 140; *Stone* v. *Dennison*, 23 Amer. Dec. 659; *Farnsworth* v. *Wakefield*, 12 Cush. 515. The

acceptance of the benefits and relief is a bar to the recovery against the railroad company, *Graft* v. *Railroad Co.*, 8 Atl. Rep. 206.

*Flick & Westenhaven*, for plaintiff.

*John A. Hutchinson*, for defendant.

BOND, J., (*charging jury.*)    1. If the jury find from the evidence that the plaintiff was an employe of the railroad company, defendant, on the 22d day of May, 1887, and at the time of his injury was standing on the platform of a car in which he was housed as such employe, and that by reason of some negligence on the part of other employes of the railroad company a train ran into the camp car on which the complainant was so housed and transported, and that he himself was not in the car, but on the platform between the cook and sleeping car, sitting on the brake-wheel, the jury are instructed that such position occupied by the plaintiff was not a proper position for him to occupy, and that, if they believe the evidence of the plaintiff in this respect, he is not entitled to recover, because he contributed to the injury by his own negligence, by being on the platform, instead of in the car, where he ought to have been.

2. And if the jury find from the evidence that, prior to his employment by the defendant, the plaintiff signed the contract and the receipts offered in evidence by the defendant, and received the benefits arising therefrom both before the bringing of this suit and afterwards, by which he released the defendant from all default of the defendant's employes, and injuries arising to him therefrom, then the defendant is not liable in this action, and the verdict must be for the defendant.