## OTIS v. PENNSYLVANIA CO.

*(Circuit Court, D. Indiana. January 3, 1896.)*

No. 9,223.

RAILROAD AID ASSOCIATION—ACCEPTANCE OF BENEFITS—RELEASE OF CLAIM.

Where a railroad relief association, composed of associated companies and their employés, is in charge of the companies, who guaranty the obligations, supply the facilities for the business, pay the operating expenses, take charge of and are responsible for the funds, make up deficits in the benefit fund, and supply surgical attendance for injuries received in their service, an employé's agreement, in his voluntary application for membership, that acceptance of benefits from the association for an injury shall release the railroad company from any claim for damages therefor, is not invalid as being against public policy, or for want of consideration or mutuality.

L. M. Ninde, for plaintiff.
Allen Zollars, for defendant.

BAKER, District Judge. This is an action by the plaintiff, Eugene V. Otis, for the recovery of damages from the defendant, the Pennsylvania Company, for injuries received by him through the negligence of the defendant in employing and retaining in its service a careless and drunken engineer, with full knowledge of his habits, by whose carelessness the plaintiff sustained serious and permanent injuries, without fault on his part. The defendant has answered in two paragraphs. The first is a general denial. The second sets up matter in confession and avoidance. To this paragraph of answer the plaintiff has interposed a demurrer, and the question for decision is, does this paragraph of answer set up facts sufficient to constitute a defense? The gist of this paragraph of answer is the payment to and acceptance by the plaintiff of benefits to the amount of $660 from the relief fund of the defendant's "voluntary relief department" on account of the injuries for which the action is brought, in full payment and satisfaction thereof. It is alleged in the paragraph under consideration that the plaintiff was a member of the relief department mentioned, which is composed of the different corporations forming the lines of the Pennsylvania Company west of Pittsburgh, to which such of their employés as voluntarily become members contribute monthly certain agreed amounts. This department has for its object the relief of such employés as become members thereof in cases of sickness or disability from accident, and the relief of their families in case of death, by the payment to them of definite amounts out of a fund "formed by voluntary contributions from employés, contributions, when necessary to make up any deficit, by the several companies respectively, and income or profit derived from investments of the moneys of the fund, and such gifts as may be made for the use of the fund." The associated companies have general charge of the department, guaranty the full amount of the obligations assumed by them, and for this purpose annually pay into the funds of the department the sum of $30,000 in conformity with established regulations, furnish

the necessary facilities for conducting the business of the department, and pay all the operating expenses thereof, amounting annually to the sum of $25,000. The associated companies have charge of the funds, and are responsible for their management and safe-keeping. Employés of the Pennsylvania Company are not required to become members of the relief department, but are at liberty to do so if admitted on their voluntary written application; and may continue their membership by the payment of certain monthly dues, the amount of which depends upon the respective classes to which they may be admitted; and the benefits to which they may become entitled are determined by the class to which they belong. A disabled member is also entitled to surgical attendance at the company's expense, if injured while in its employ. The plaintiff agreed in his application for membership:

"That the acceptance of benefits from the said relief fund for injury or death shall operate as a release of all claim for damages against said company arising from such injury or death which may be made by or through me, and that I or my legal representatives will execute such further instrument as may be necessary formally to evidence such acquittance."

Each company to the contract also agreed in behalf of itself and employés to appropriate its ratable proportion of the joint expense of administration and management, and the entire outlay necessary to make up deficits for benefits to its employés. It is further alleged that the plaintiff was a member of the relief department when injured, and that there was paid to him by the defendant, through such department, on account of the injuries so received, and in accordance with his application therefor, and in accordance with the certificate of membership so issued to him, and the rules and regulations of the relief department, the sum of $660, being at the rate of $60 per month for 11 months, which he accepted and received as the benefits due to him from the said relief department under his said application and certificate and the rules and regulations of said relief department.

It is strenuously insisted by the learned counsel for the plaintiff that the contract is void, because it is repugnant to sound public policy, and is an attempt by the defendant to exempt itself, by contract, from the consequences of its own negligence; and because the agreement that the payment and acceptance of the benefits should operate to release the company from responsibility for its wrongful act is without consideration, for the reason that the plaintiff, by the payment of his monthly dues, became entitled as a matter of legal right to receive the stipulated benefits as fully as he was entitled to the payment of his monthly wages. As a general proposition, it is unquestionably true that a railroad company cannot relieve itself from responsibility to an employé for an injury resulting from its own negligence by any contract entered into for that purpose before the happening of the injury, and, if the contract under consideration is of that character, it must be held to be invalid. But upon a careful examination it will be seen that it contains no stipulation that the plaintiff should not be at liberty to bring an action for damages in case he sustained an injury through the negligence of the

defendant. He still had as perfect a right to sue for his injury as though the contract had never been entered into. Before the contract was entered into, his right of action for an injury resulting from the defendant's negligence was limited to a suit against it for the recovery of damages therefor. By the contract he was given an election either to receive the benefits stipulated for, or to waive his right to the benefits, and pursue his remedy at law. He voluntarily agreed that, when an injury happened to him, he would then determine whether he would accept the benefits secured by the contract, or waive them and retain his right of action for damages. He knew, if he accepted the benefits secured to him by the contract, that it would operate to release his right to the other remedy. After the injury happened, two alternative modes were presented to him for obtaining compensation for such injury. With full opportunity to determine which alternative was preferable, he deliberately chose to accept the stipulated benefits. There was nothing illegal or immoral in requiring him so to do. And it is not perceived why the court should relieve him from his election in order to enable him now to pursue his remedy by an action at law, and thus practically to obtain double compensation for his injury. Nor does the fact that the fund was in part formed by his contributions to it alter the case. The defendant also contributed largely to the fund under its agreement to make up deficits, to furnish surgical aid and attendance, to pay expenses of administration and management, and to become responsible for the safe-keeping of the funds of the relief department. It had a large pecuniary interest in the very money which the plaintiff received. We are not concerned with the question whether the plaintiff might not have secured a larger sum of money if he had prosecuted his legal remedy for the recovery of damages for his injury. After the injury, the plaintiff was at liberty to compromise his right of action with the defendant for any valuable consideration, however small; and, if he chose to accept a less amount than that which he might have recovered by action, such settlement, if fairly entered into, constitutes a full accord and satisfaction, from which the court cannot, and ought not, to relieve him.

The question of the validity of such a contract as that relied upon in the paragraph of answer under consideration is a new one in this court, but it has been considered by a number of reputable courts in other jurisdictions, and, with a single exception, so far as I am advised, it has been uniformly held that such a contract is not invalid for repugnancy to sound public policy, or for want of consideration, or for want of mutuality. In the views expressed in these cases I entirely concur. A review of the cases supporting this view would not be profitable, and I therefore content myself with simply citing them. Owens v. Railroad Co., 35 Fed. 715; State v. Baltimore & O. R. Co., 36 Fed. 655; Martin v. Railroad Co., 41 Fed. 125; Railroad Co. v. Bell (44 Neb. 44, 62 N. W. 314), 11 Am. Ry. & Corp. Rep. 682, and cases cited in note; Donald v. Railway Co. (Iowa) 61 N. W. 971; Lease v. Pennsylvania Co., 10 Ind. App. 47, 37 N. E. 423; Fuller v. Association, 67 Md. 433, 10 Atl. 237; Spitze v. Railroad Co. (Md.)

23 Atl. 307; Graft v. Railroad Co. (Pa. Sup.) 8 Atl. 206; Johnson v. Railroad Co. (Pa. Sup.) 29 Atl. 854; Patt. Ry. Acc. Law, § 424. The single case holding such a contract to be void is Miller v. Railway Co., 65 Fed. 305. The demurrer is overruled, to which the plaintiff excepts.