## HAMILTON v. ST. LOUIS, K. & N. W. R. CO.

(Circuit Court, E. D. Missouri, E. D. October 14, 1902.)

No. 4,439.

1. **MASTER AND SERVANT—RAILROAD RELIEF DEPARTMENT—VALIDITY OF CON-TRACTS.**

A contract between a railroad company and its employés who voluntarily become members of its "Relief Department" that, in case of the illness or injury of an employé through the negligence of the company or otherwise, he may elect to receive the benefits provided by the relief department or to prosecute such claim as he may have at law against the company, and that his election to receive benefits shall operate as a release of his claim for damages, is not invalid as contrary to public policy.

2. **SAME—MISSOURI STATUTE.**

Nor is such a contract affected by Rev. St. Mo. 1899, § 2876, which declares void any contract "made between any railroad corporation and any of its agents or servants, based upon the contingency of the injury or death of any agent or servant, limiting the liability of such railroad corporation for damages," since it does not limit the liability of the company, but enlarges it, by giving the employé the right to receive benefits from a fund to which the company contributes in cases where it would not otherwise be liable, while preserving to him his full right to prosecute any claim for damages on account of an injury if he so elects, after the injury has been sustained and he has had ample opportunity for counsel and advice.

At Law. On demurrer to answer.

A. R. Taylor and Norton, Avery & Young, for plaintiff.
H. H. Trimble, Palmer Trimble, and E. S. Robert, for defendant.

ADAMS, District Judge. This suit was instituted by the plaintiff who was a servant in the employ of the defendant company to recover damages for alleged negligence. The defendant pleads as an

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 167.

affirmative defense that prior to the time of the accident complained of the defendant organized a "Relief Department" contemplating the creation of a fund by voluntary contributions of its employés and by appropriations made and to be made by itself for the purpose of paying to the members contributing thereto, certain benefits in case of sickness or disability resulting from injury while in defendant's service, whether such sickness or disability resulted from defendant's negligence or not. It is alleged that one of the regulations governing the organization and administration of the "Relief Department" was: that in case of an injury to a member and after such injury shall have occurred the member may elect to accept the benefits provided for in the "Relief Department," or to prosecute such claim as he may have at law against the railroad company, and that the acceptance by a member of benefits for an injury shall operate as a release and satisfaction of all legal claims against the company for damages arising or growing out of the injury. Defendant alleges that it became obligated to any and all of its employés who became members of the "Relief Department" to maintain the fund and to guarantee the payment of the full benefits secured thereby to any member who might become injured in its services. It is further alleged in the answer that the plaintiff upon entering into the service of the defendant voluntarily became a member of the "Relief Department," paid all required contributions, and after his injury occurred, elected to accept the benefits accruing to him by reason of his membership in the "Relief Department"; that the same were paid to and received by the plaintiff, and that such election, payment and receipt constitute a settlement and release of all claims for damages arising out of the injury in question. The foregoing states substantially the main features of the "Relief Department," certainly enough of them to permit of an intelligent application of the legal questions arising out of them. To this answer a demurrer is interposed.

It has been so long and firmly settled that contracts like that involved in the organization and maintenance of a "Relief Department" of a railroad, especially when the railroad company guarantees that the benefits provided thereby shall be duly paid, are valid and enforceable obligations upon the railroad companies involved and their employés who become members of the "Relief Department," that plaintiff's counsel does not rely upon the old argument that such arrangements are against public policy in that they amount to an effort to relieve the companies from the consequences of their own negligence.

It has been held by a long line of cases including some of controlling authority upon this court that contracts like that in question are not only not opposed to sound public policy but are conducive to the well being of those whom they immediately affect. This is so held because the becoming a member of the "Relief Department" by an employé is entirely optional with himself and because his right to sue for damages resulting from the employer's negligence is reserved to him until after an injury is received, and even then until with full knowledge of all the facts surrounding his case, he makes his election whether to avail himself of the benefits secured to him by his membership in the department or to resort to his action at law for damages. Railroad Co. v.

Miller, 22 C. C. A. 264, 76 Fed. 439; Otis v. Pennsylvania Co. (C. C.) 71 Fed. 136; Vickers v. Railroad Co., Id. 139; Shaver v. Pennsylvania Co., Id. 931; Martin v. Railroad Co. (C. C.) 41 Fed. 125; Donald v. Railroad Co., 93 Iowa, 284, 61 N. W. 971, 33 L. R. A. 492; Maine v. Railroad Co., 109 Iowa, 260, 70 N. W. 630, 80 N. W. 315; Johnson v. Railroad Co., 163 Pa. 127, 29 Atl. 854.

The foregoing cases with the numerous citations therein found disclose an entire unanimity of opinion upholding contracts like that relied on by defendant in this case against the charge that they are void as contrary to public policy.

But plaintiff contends that the contract in question is void because in violation of the provisions of section 2876, Rev. St. Mo. 1899. That section is as follows: "No contract made between any railroad corporation and any of its agents or servants, based upon the contingency of the injury or death of any agent or servant limiting the liability of such railroad corporation for any damages under the provisions of this act, shall be valid or binding but all such contracts or agreements shall be null and void." After a careful consideration of this section and the contract created by the organization and acceptance by the plaintiff of the provisions of the "Relief Department" in question, I have reached the conclusion that the contract in question does not fall within the spirit and meaning of the statute just quoted.

The contract in question does not limit the liability of the railroad company at all. On the contrary it enlarges that liability. It leaves to an employé, injured while in its service, all the rights of action he ever had either at common-law or by statute, to recover damages for any alleged negligence. After an injury has been sustained, the servant with full knowledge of all the facts and after an ample opportunity for counsel and advice may elect whether to resort to his legal action against the railroad company or to avail himself of the provisions of the "Relief Department."

In many instances like that of sickness resulting from no act of negligence on the part of the railroad company, or like that of casualties occasioned by the necessary and inevitable peril of the employment, the election is easy. A remedy is afforded by the contract involved in the "Relief Department" when none is available at law. In certain cases where liability at law is improbable the election is not difficult. In other cases where liability is uncertain, depending upon the accuracy of observation and memory of witnesses, the election is more difficult, but none the less available to the party injured. In such cases two remedies are open to him, one certain and immediate found in the provisions of the "Relief Department," the other uncertain and distant found in an action at law.

The contract in question neither constrains him to forego his legal action nor does it in any manner lessen the amount of recovery or limit the liability of the defendant in case he elects to resort to the courts for redress. I find therefore no reason for holding that the statute is violated by the contract pleaded by the defendant in this case. This same question has been before the courts both National and State in several cases wherein similar statutes of other states have been construed, and in every case, so far as my research has enabled me to

investigate, the statute has either been held inapplicable to such contracts or if applicable to be void because in violation of the Fourteenth Amendment to the Constitution of the United States, in that it deprives persons affected by it of their property (that is liberty to contract) without due process of law. Shaver v. Pennsylvania Co. (C. C.) 71 Fed. 931; Donald v. Railroad Co., 93 Iowa, 284, 61 N. W. 971, 33 L. R. A. 492; Railway Co. v. Moore (Ind. Sup.) 53 N. E. 290, 44 L. R. A. 638.

In the last-cited case the Supreme Court of Indiana distinctly overruled one of its former decisions (Railroad Co. v. Montgomery, 152 Ind. 14, 49 N. E. 582, 79 Am. St. Rep. 301), wherein it had held that a contract like that involved in the "Relief Department" in question was violative of a statute of Indiana like that of Missouri now under consideration and after citing many authorities justifying its change of opinion concludes thus:

"The contract forbidden by the statute is one relieving the company from liability for the future negligence of itself and employés. The contract pleaded does not provide that the company shall be relieved from liability. It expressly recognizes that enforceable liability may arise, and only stipulates that if the employé shall prosecute a suit against the company to final judgment, he shall thereby forfeit his right to the relief fund, and if he accepts compensation from the relief fund, he shall thereby forfeit right of action against the company. It is nothing more nor less than a contract for a choice between sources of compensation, where but a single one existed, and it is the final choice, the acceptance of one against the other that gives validity to the transaction."

I do not deem it necessary in this opinion to either analyze or cite the large number of cases to which my attention has been called, but in those already cited will be found a reference to many others which are of equal pertinency to the questions involved in this case. I have cited the case of Shaver v. Pennsylvania Co., supra, because of its able and discriminating treatment of the general question now involved, namely; whether the statute in question was intended to avoid contracts like those now in question; but as I have not deemed it necessary for the purposes of this case to enter upon the question debated at the bar as to whether if applicable, it would be violative of the provisions of the 14th amendment of the Constitution of the United States, I do not wish the citation of the case to be construed as an approval of the conclusion reached namely; that the statute is unconstitutional. I place my conclusion in this case solely upon the proposition that the contract pleaded and relied upon by the defendant is not a contract limiting the liability of a railroad corporation for damages, and therefore not within the provision of section 2876, Rev. St. Mo. 1899.

The demurrer to the answer is overruled.