**Eva Eller CAMPBELL, Appellant,**

**v.**

**Homer CAMPBELL and Flonnie Byers, Individually, and as Coexecutors of the Estate of Z. W. Campbell, Deceased, Appellees.**

Court of Appeals of Kentucky.

March 20, 1964.

Fritz Krueger, Somerset, Bertram & Bertram, Monticello, for appellant.

E. R. Denney, Denney & Landrum, Lexington, for appellees.

STEWART, Judge.

This action involves a postnuptial contract executed by a husband and wife under which she accepted certain property in lieu of her prospective distributable share of her husband's estate. Upon her husband's death testate, she renounced the provisions of his will and, claiming the contract was invalid, sought to take under the provisions of KRS 392.020. The trial court upheld the contract, ruled that her renunciation of his will was ineffective, and decided she could not take what would otherwise amount to her statutory interest. The widow has appealed.

Z. W. Campbell died March 15, 1961, at age 82, a resident of Monticello, Wayne County. Surviving him was his second wife, Eva Eller Campbell, 66 years of age, and two adult children by his first marriage, Homer Campbell and Flonnie Byers. The decedent's first marriage was terminated by the death of his first wife on September 14, 1941. He and the second Mrs. Campbell were married in 1944 and lived together in domestic accord continuously until his death.

The decedent's estate consists, after the payment of funeral expenses, of personalty in the approximate amount of $30,000, and of real estate comprising a house in Monticello, known as the "home place," valued at $7000. Practically his entire estate had been inherited from his father.

On December 8, 1953, when he was 74 and she was 57, the Campbells entered into a contract by the terms of which he agreed to execute a will and devise and bequeath unto her the home place for her lifetime, or so long as she remained his widow, "together with all appliances, fixtures and appurtenances located therein or used in connection therewith." In addition he agreed to bequeath unto her for life the income from $7000 which was to be invested in United States bonds.

In consideration of the benefits to be received under the contract, Mrs. Campbell agreed to relinquish all claims to any further portion of or interest in Mr. Campbell's estate at the time of his death by reason of the marital relationship; and Mr. Campbell likewise obligated himself to release any and all similar claims in and to her estate in case she predeceased him.

On December 9, 1953, Mr. Campbell executed his will which undertook to fulfill the provisions imposed upon him by the contract. After his death on March 15, 1961, the will was duly probated.

After the renunciation of the will by Mrs. Campbell, and her announced intention to disregard the contract, Homer Campbell and Flonnie Byers, the two adult children of Mr. Campbell who had qualified as coexecutors under his will, brought this action to have the respective rights of the parties judicially determined. We have heretofore pointed out that the trial judge upheld the contract and restricted Mrs. Campbell's share in her husband's estate according to its terms.

■ It is not disputed that Mr. and Mrs. Campbell could enter into a valid postnuptial contract wherein each relinquished his or her respective interest in the property of the other, if such an agreement was fair and equitable, and supported by an adequate consideration. See Smith v. Smith (2 cases), 295 Ky. 50, 173 S.W.2d 813, 815, Smith's Adm'r v. Price, 252 Ky. 806, 68 S.W.2d 422. This is the weight of authority under statutes such as ours enlarging the powers of married women and empowering them to make contracts "as a single woman."

The trial court considered very thoroughly the evidence in this case and reached the conclusion that since Mrs. Campbell, uninfluenced by fraud and upon a sufficient consideration, voluntarily agreed to the terms and conditions of the contract, she must take under it, and under the will which carried out its provisions.

However, it is vigorously argued that, although no deceit or coercion was proven,

the contract is not supported by an adequate consideration. Appellant relies upon Redwine's Ex'r v. Redwine, 160 Ky. 282, 169 S.W. 864, to sustain her contention in this respect. In that case it was determined there was not only an insufficient consideration to support the agreement but that the postnuptial contract was not "freely and voluntarily executed" by the wife.

■ In Pittsburg, C., C. & St. L. Ry. Co. v. Carmody, 188 Ky. 588, 222 S.W. 1070, 12 A.L.R. 469, it was held that, if the subject of a contract is lawful and the parties are sui juris, the right to bind themselves cannot be restricted because it is to the disadvantage of one of the parties making it. Robbins v. Robbins, 246 Ky. 411, 55 S.W.2d 31, points out that mutual promises form a valuable consideration for an agreement where there is benefit to the promisor or detriment to the promisee. See also Smith's Adm'r v. Price, cited above.

■ We are unable to say under the evidence that the findings of fact of the trial judge are clearly erroneous. See CR 52.

Wherefore, the judgment is affirmed.